This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Anthony Fairley has appealed his conviction for escape from the Lorain County Common Pleas Court. This Court affirms.
 I.
Defendant was placed on post-release control after his release from prison for serving a sentence for his convictions of receiving stolen property and possession of marijuana. Defendant failed to obey the conditions of his release and, therefore, was incarcerated for a period of ninety days. Shortly thereafter, Defendant was charged with escape, a violation of R.C. 2921.34(A)(1). Defendant entered a plea of no contest to the charge of escape and was sentenced to a term of three years in prison. Defendant timely appealed, asserting three assignments of error. For ease of discussion, this Court has consolidated his arguments.
 II. Assignment of Error Number One The trial court erred, and to the prejudice of [Defendant], by imposing a criminal sanction against [him] for the charge of escape, R.C. 2921.34(A)(1), when [Defendant] had previously been sanctioned by the State for the identical course of conduct by being sent to prison for a parole violation.
 Assignment of Error Number Two The trial court erred, and to the prejudice of [Defendant], by imposing a criminal sanction against [him] for a post release control violation for failing to report to his parole officer and another sanction for the exact same course of conduct for the charge of escape when the post release control revocation would be a [lesser] included charge of escape as the same elements must be satisfied for both charges[.]
 Assignment of Error Number Three The trial court erred, and to the prejudice of [Defendant], by imposing a criminal sanction against [him] for a post release control violation for failing to report to his parole officer and another sanction for the exact same course of conduct for the charge of escape when the post release control violation is an allied offense to escape as the elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other and thus violate the proscription of R.C. 2941.25.
 In his first assignment of error, Defendant has asserted that his conviction for escape violates the Double Jeopardy Clause because he was already sanctioned for his parole violation. In his second assignment of error, Defendant has argued that it was an error to charge Defendant twice for the same course of conduct because the post-release control violation is a lesser-included offense of escape. Lastly, Defendant has argued that a sanction for a parole violation and a charge of escape are allied offenses. This Court disagrees.
The Ohio Supreme Court has held that post-release control sanctions are aimed at behavior modification, not mere punishment for an additional crime. Woods v. Telb (2000), 89 Ohio St.3d 504, 512. This Court has already determined that because a post-release control sanction is not a criminal punishment, the Double Jeopardy Clause does not prohibit a subsequent prosecution of escape based on the same conduct. See Statev. Jeter (Sept. 13, 2000), Lorain App. No. 99CA007505, unreported, at 3. Moreover, because a post-release control sanction is not criminal punishment, it cannot be a lesser-included offense of escape or an allied offense. Accordingly, Defendant's arguments are without merit.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., SLABY, J. CONCUR.